The Chancellor.
In the case of Van Vorst v. Baldwin, decided in October term, 1855, reported 1 Stockton 577, it was held, that the defendant, having made default in payment of the interest due on his bond at the time specified for its payment, the principal money became due, and the court would not relieve him. The bond in that case was similar in its terms to the one in controversy between these parties. It was made a condition of the bond, that if any default should be made in the payment of the' interest, or any part thereof, on any day whereon the same should be payable, and the same should remain in arrear *223 and Unpaid for the space of thirty days, then and from thenceforth, that is after the lapse of the said thirty days, the principal sum of $1000, with all arrearages of interest thereon, should, at the option of the obligee or his representative, become and be due and payable immediately thereafter, although the period limited in said bond or obligation for the payment of the said sum of $1000 might not then have expired.
In the case of Van Vorst v. Baldwin, the court did not doubt its power to relieve the obligor upon sufficient cause shown. But in that case there was no excuse for the default; and for aught that appeared in the case, the defendant was guilty of gross negligence and obstinacy in not paying his interest money according to the condition of his bond.
But these defendants present a very different case by their answer; and as the cause is set down upon bill and answer, the answer must be taken as true, and the defendants be entitled to the benefit of it.
They allege, in the first place, that the default was through mistake, on their part, as to the time the interest fell due; and as they state the circumstances, the mistake was a very natural one. The bond is dated March 1st, 1854, conditioned to pay $1000 on the 1st March, 1857, with interest payable on the first days of May and November in each year. Thus ten dollars interest became due on the 1st of May, 1854, which was two months after the making of the bond. The defendants state, that when they gave the bond, they did not notice that it was drawn in this way, and thus fell into the mistake. I think a mistake of this kind, made under such circumstances, is sufficient, of itself] to justify the court in relieving the defendants.
But there are other facts which show the neglect was a sheer mistake or misapprehension of the defendants, and that the complainant, by his conduct, has waived the forfeiture.
*224 About tbe middle of October, 1854, tbe complainant wrote to tbe defendants, that tbe whole amount of tbe bond was due, in consequence of tbe default in not paying tbe ten dollars due on tbe 1st of May. Tbe defendants went immediately to tbe complainant, and informed him of their mistake. The complainant agreed to take tbe ten dollars, if tbe defendants would then pay up the interest to tbe first of November, to which tbe defendants assented, and tendered tbe money. Tbe complainant then refused to take tbe money, unless tbe defendants would pay him tbe further sum of twenty-two dollars, which be then, for tbe first time, alleged be bad incurred about getting tbe mortgage. On tbe first of November, when tbe first half year’s interest fell due, tbe defendants made a legal tender of tbe amount to tbe complainant, which be refused to accept.
Under all these circumstances, tbe defendants ought to be relieved from tbe forfeiture. I shall, therefore, decree tbe defendants to pay tbe interest due on their bond on tbe first day of May last past within five days after a service upon them of a certified copy of tbe decree, each party to pay bis own costs. If tbe money is not paid at tbe day, a decree of foreclosure and sale will be ordered to pay tbe whole amount of principal and interest secured by tbe bond.